```
                                        FILED
                              CLERK, U.S. DISTRICT COURT

                                  7/6/2022

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY:        JB        DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR   2:22-cr-00300-SVW |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1956(h): Conspiracy to Commit Money Laundering; 18 U.S.C. § 982: Criminal Forfeiture] |
| OKECHUKWU NWOFOR, aka "Junior," RICHARD EXUME, KADINE AUGUSTINE, LLOYD SCALE, and SAMANTHA SCALE, | |
| Defendants. | |

The Grand Jury charges:

[18 U.S.C. § 1956(h)]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATIONS

        1.   At times relevant to this Indictment:

            a.   Defendant OKECHUKWU NWOFOR, also known as "Junior,"
lived in Brooklyn, New York, and was the sole signatory on a
Santander Bank account in his own name ending in 0385 (the "0385
Account").

1        b.   Defendant NWOFOR was also the sole owner and signatory

2   of Juboy New Generation, Inc. and controlled the following bank

3   accounts in the name of Juboy New Generation, Inc., among others:

4             i.   A Capital One Bank account ending in 9141 (the

5   "9141 Account");

6             ii.  A TD Bank account ending in 3363 (the "3363

7   Account"); and

8             iii. A Santander Bank account ending in 4958 (the

9   "4958 Account").

10        c.   Defendant RICHARD EXUME lived in Brooklyn, New York,

11  and was the sole signatory and controlled the following bank accounts

12  in his own name, among others:

13            i.   A Capital One Bank account ending in 9015 (the

14  "9015 Account"); and

15            ii.  A Chase Bank account ending in 3033 (the "3033

16  Account").

17        d.   Defendant KADINE AUGUSTINE lived in Brooklyn, New

18  York, and was the sole signatory and controlled the following bank

19  accounts in her own name, among others:

20            i.   A Santander Bank account ending in 1594 (the

21  "1594 Account"); and

22            ii.  A TD Bank account ending in 1059 (the "1059

23  Account").

24        e.   Defendant LLOYD SCALE ("L. SCALE") lived in Brooklyn,

25  New York, and was the sole signatory and controlled a Santander Bank

26  account in his own name ending in 0594 (the "0594 Account").

27

28

f.   Defendant SAMANTHA SCALE ("S. SCALE") lived in Brooklyn, New York, and was the sole signatory and controlled a TD Bank account in her own name ending in 0351 (the "0351 Account").

g.   A "romance scam" was a fraudulent scheme in which a user of an internet dating website or social media platform was targeted by one or more imposters posing as a potential romantic partner.  Using false pretenses, representations, and promises, the imposter would deceive the victim into believing that the victim and the imposter had a trust relationship based on friendship and/or romantic attachment, and would trick the victim into: (a) sending money by interstate wire or check to, or for the benefit of, the imposter, under false pretenses; and/or (b) receiving money by interstate wire or check on behalf of the imposter under false pretenses, and then forwarding the money, again by interstate wire or check, as directed by the imposter.

h.   A "Business Email Compromise" scam, or BEC scam, was a fraudulent scheme that involved using fraudulent emails to trick victim companies into making interstate wire transfers to the scammers and their agents.  The emails are sent from "spoofed" email addresses, meaning that they fraudulently appear to be from real email addresses for employees of the victim company authorized to approve wire transfers, and/or for persons doing business with the company who are expecting payments from the company.  In fact, the emails are from co-conspirators posing as employees of the victim company or persons doing business with the victim company ("imposters"), and their purpose is to trick employees of the victim company into wiring the funds to accounts controlled by, or accessible to, the imposters, after which the money may be sent to

additional intermediary transfer accounts owned or controlled by the imposters and their agents.

B.    THE OBJECT OF THE CONSPIRACY

2.    Beginning on a date unknown, but no later than on or about July 6, 2018, and continuing through in or about November 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendants NWOFOR, EXUME, AUGUSTINE, L. SCALE, and S. SCALE knowingly conspired with one another and others known and unknown to the Grand Jury to commit an offense against the United States, namely, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and, while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

C.    THE MANNER AND MEANS OF THE CONSPIRACY

3.    The object of the conspiracy was to be carried out, and was carried out, in substance, as follows:

a.    Defendant NWOFOR would communicate with defendants EXUME, AUGUSTINE, L. SCALE, and S. SCALE, and others regarding (1) the information about bank accounts they had or could open at various banks in order to receive money, (2) "jobs" or amounts that would be

transferred into those accounts, and (3) amounts that defendants EXUME, AUGUSTINE, L. SCALE, and S. SCALE, and others could expect to receive for receiving and transferring the funds as instructed through their accounts.

b.    Using that bank account information, as well as information regarding bank accounts held in the name of Juboy New Generation, Inc. that defendant NWOFOR controlled, defendant NWOFOR would then cause the proceeds of romance scams, BEC schemes, and other fraud schemes conducted by co-conspirators to be sent, sometimes by the victims themselves and by means including interstate wires, to accounts that defendants NWOFOR, EXUME, AUGUSTINE, L. SCALE, and S. SCALE, and others, controlled, knowing and intending that such deposits would conceal or disguise the nature, location, source, ownership, or control of the funds.

c.    Once the funds were received into those accounts, defendants EXUME, AUGUSTINE, L. SCALE, and S. SCALE, and others, acting at defendant NWOFOR's direction, would quickly transfer a substantial portion of those funds, including through wires to accounts defendant NWOFOR controlled or mobile payments such as Zelle, make large cash withdrawals, and use a portion on personal expenses.  With respect to the victim funds sent to accounts defendant NWOFOR controlled, or the funds transferred into accounts defendant NWOFOR controlled by defendants EXUME, AUGUSTINE, L. SCALE, and S. SCALE, and others, acting at defendant NWOFOR's direction, defendant NWOFOR would quickly transfer a substantial portion of those funds, including through wires or mobile payments such as Zelle, to other co-conspirators, make large cash withdrawals, and use a portion on personal expenses.

4.   In total, defendants NWOFOR, EXUME, AUGUSTINE, L. SCALE, and S. SCALE laundered at least approximately $530,000 in funds provided by the victims of these romance scams and BEC schemes.

D.   OVERT ACTS

5.   In furtherance of the conspiracy, and to accomplish its object, defendants NWOFOR, EXUME, AUGUSTINE, L. SCALE, and S. SCALE, together with others known and unknown to the Grand Jury, on or about the following dates, committed and willfully caused others to commit the following overt acts, among others, within the Central District of California and elsewhere:

Overt Act No. 1:   On or about September 26, 2018, defendant NWOFOR and his co-conspirators caused romance scam victim, E.H., to wire $19,000 from her bank account in California, to defendant AUGUSTINE's 1594 Account in New York.

Overt Act No. 2:   On or about September 26, 2018, defendant AUGUSTINE wired $5,000, traceable at least in part to victim E.H.'s funds, from defendant AUGUSTINE's 1594 Account to defendant NWOFOR's 0385 Account.

Overt Act No. 3:   On or about September 27, 2018, defendant AUGUSTINE wired $5,000, traceable at least in part to victim E.H.'s funds, from defendant AUGUSTINE's 1594 Account to defendant NWOFOR's 0385 Account.

Overt Act No. 4:   On or about September 28, 2018, defendant AUGUSTINE wired $5,000, traceable at least in part to victim E.H.'s funds, from defendant AUGUSTINE's 1594 Account to defendant NWOFOR's 0385 Account.

Overt Act No. 5:   On or about October 1, 2018, defendant AUGUSTINE wired $1,140, traceable at least in part to victim E.H.'s

funds, from defendant AUGUSTINE's 1594 Account to defendant NWOFOR's 0385 Account.

Overt Act No. 6:   On or about July 9, 2018, defendant NWOFOR and his co-conspirators caused romance scam victim, J.B., to wire $25,000 from J.B.'s bank in Ohio to the 9141 Account defendant NWOFOR controlled in New York.

Overt Act No. 7:   On or about July 13, 2018, defendant NWOFOR and his co-conspirators caused victim J.B. to wire $120,000 from J.B.'s bank in Ohio to the 9141 Account defendant NWOFOR controlled in New York.

Overt Act No. 8:   On or about August 17, 2018, defendant NWOFOR and his co-conspirators caused victim J.B. to wire $25,000 from J.B.'s bank in Ohio to defendant L. SCALE's 0594 Account in New York.

Overt Act No. 9:   On or about August 20, 2018, defendant L. SCALE wired $5,000, traceable at least in part to victim J.B.'s funds, from defendant L. SCALE's 0594 Account to defendant NWOFOR's 0385 Account.

Overt Act No. 10:   On or about August 21, 2018, defendant L. SCALE wired $5,000, traceable at least in part to victim J.B.'s funds, from defendant L. SCALE's 0594 Account to defendant NWOFOR's 0385 Account.

Overt Act No. 11:   On or about August 20, 2018, defendant NWOFOR and his co-conspirators caused victim J.B. to wire $28,000 from J.B.'s bank in Ohio to defendant AUGUSTINE's 1059 Account in New York.

1        <u>Overt Act No. 12</u>:   On or about August 21, 2018, defendant

2    AUGUSTINE withdrew $8,000 in cash traceable at least in part to

3    victim J.B.'s funds from the 1059 Account.

4        <u>Overt Act No. 13</u>:   On or about August 29, 2018, defendant

5    AUGUSTINE withdrew $7,500 in cash traceable at least in part to

6    victim J.B.'s funds from the 1059 Account.

7        <u>Overt Act No. 14</u>:   On or about September 5, 2018, defendant

8    AUGUSTINE withdrew $3,200 in cash traceable at least in part to

9    victim J.B.'s funds from the 1059 Account.

10       <u>Overt Act No. 15</u>:   On or about July 9, 2018, defendant NWOFOR

11   and his co-conspirators caused a cashier's check for $60,000 payable

12   to Juboy New Generation, Inc. and purchased by romance scam victim

13   L.B. to be deposited into the 3363 Account defendant NWOFOR

14   controlled.

15       <u>Overt Act No. 16</u>:   On or about July 10, 2018, defendant NWOFOR

16   and his co-conspirators caused a cashier's check for $70,000 payable

17   to Juboy New Generation, Inc. and purchased by L.B. to be deposited

18   into the 3363 Account defendant NWOFOR controlled.

19       <u>Overt Act No. 17</u>:   On or about July 11, 2018, defendant NWOFOR

20   and his co-conspirators caused a cashier's check for $22,000 payable

21   to defendant S. SCALE and purchased by L.B. to be deposited into

22   defendant S. SCALE's 0351 Account.

23       <u>Overt Act No. 18</u>:   On or about August 13, 2018, defendant

24   NWOFOR and his co-conspirators caused $100,000 traceable at least in

25   part to BEC victim W.W.'s funds to be wired from a JPMorgan Chase

26   bank account ending in 6223 (the "6223 Account") to defendant EXUME's

27   9015 Account.

28

Overt Act No. 19:   On or about August 13, 2018, defendant NWOFOR and his co-conspirators caused $50,000 traceable at least in part to BEC victim W.W.'s funds to be wired from the 6223 Account to an account controlled by a co-conspirator.

Overt Act No. 20:   On or about August 15, 2018, defendant NWOFOR and his co-conspirators caused a cashier's check for $38,000 payable to Juboy New Generation, Inc., and traceable at least in part to BEC victim W.W.'s funds, to be purchased by the co-conspirator described in Overt Act 19.

Overt Act No. 21:   On or about August 16, 2018, defendant NWOFOR deposited the funds described in Overt Act 20 into the 4958 Account defendant NWOFOR controlled.

Overt Act No. 22:   On or about August 14, 2019, defendant NWOFOR and his co-conspirators caused $13,923.50 in fraudulent funds traceable at least in part to a BEC victim's funds, to be wired to defendant EXUME's 3033 Account.

Overt Act No. 23:   On or about August 14, 2019, defendant EXUME transferred $1,000, traceable at least in part to the $13,923.50 in BEC victim funds described in Overt Act 22, from defendant EXUME's 3033 Account to defendant NWOFOR via a bank transfer using the Zelle electronic payment application.

Overt Act No. 24:   On or about August 14, 2019, defendant EXUME transferred $500, traceable at least in part to the $13,923.50 in BEC victim funds described in Overt Act 22, from his 3033 Account to defendant S. SCALE via a bank transfer using an electronic Cash App payment system.

1

FORFEITURE ALLEGATION

2

[18 U.S.C. § 982]

3    1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States will seek

5    forfeiture as part of any sentence, pursuant to Title 18, United

6    States Code, Section 982(a)(1), in the event of any defendant's

7    conviction of the offense set forth in this Indictment.

8    2.  Any defendant so convicted shall forfeit to the United

9    States of America the following:

10       (a)  Any property, real or personal, involved in such

11   offense, and any property traceable to such property including,

12   without limitation, the following property seized on or about May 20,

13   2019:  approximately $100,000 in bank funds seized from Capital One

14   Bank account ending in 9015 held in the name of defendant RICHARD

15   EXUME; and

16       (b)  To the extent such property is not available for

17   forfeiture, a sum of money equal to the total value of the property

18   described in subparagraph (a).

19   3.  Pursuant to Title 21, United States Code, Section 853(p), as

20   incorporated by Title 18, United States Code, Section 982(b)(1), and

21   Title 18, United States Code, Section 982(b)(2), any defendant so

22   convicted shall forfeit substitute property, if, by any act or

23   omission of said defendant, the property described in the preceding

24   paragraph, or any portion thereof: (a) cannot be located upon the

25   exercise of due diligence; (b) has been transferred, sold to, or

26   deposited with a third party; (c) has been placed beyond the

27   jurisdiction of the court; (d) has been substantially diminished in

28   value; or (e) has been commingled with other property that cannot be

divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/S/
_____
Foreperson

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RANEE KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

SCOTT PAETTY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ALI MOGHADDAS
Assistant United States Attorney
Major Frauds Section